No. 73.—CAUSEY & OSLIN, plaintiffs in error, vs. JAMES. A. MILLER, defendant.

[1.] If the verdict be right, a new trial will not be granted by the Supreme Court for mistakes made by the lower Court, on the ground of such mistakes, unless a motion was made, in that Court, for a new trial, on the ground of such mistakes.

Assumpsit, from Crawford Superior Court. Tried before Judge POWERS, September Term, 1854.

This was an action on a promissory note of Causey & Oslin, sued on by Miller.

The defence was set up by Oslin, and was, that after the firm of Causey & Oslin had been dissolved, that Causey, one of the firm, sent a clerk to Miller with the sum of One Thousand Dollars, (nearly enough to pay the note) of the funds of the partnership, with instructions to pay it to Miller, if required, but to request him to wait, and to allow the money to be applied to other debts ; that on this request Miller consented to wait, and the money was paid to other debts, some of Causey & Oslin, and some of Causey alone. A short time afterwards Causey failed.

The defendant, Oslin, insisted, that by allowing the funds thus sent to pay his note, to be applied to other debts, Miller had lost his right to hold him, Oslin, liable on the note.

The Court over-ruled the defence, holding, that unless the money had been Oslin's private funds, and so known to Miller, the indulgence given could not destroy Miller's right to recover against the partnership.

To this decision defendants excepted.

MILLER & HALL, for plaintiffs in error.

NORMAN, for defendant in error.

Causey & Oslin *vs.* Miller.

*By the Court.*—BENNING, J. delivering the opinion.

In this case, the verdict could not, on *the evidence*, have been other than what it was. There was no evidence, that Miller, when he consented that the $1000 might be applied to the payment of other debts than his own, had knowledge or notice, that the partnership of Causey & Oslin had been dissolved, or that the $1000 was to be applied to the payment of any other debts than those of Causey & Oslin. There is, therefore, no evidence that he consented to the *misapplication*, by Causey, of any funds, whether belonging to Causey & Oslin or to Causey, or to Oslin. For aught that appears in the evidence, the consent of Miller was to no more than that the fund might be applied to the payment of other debts due by *Causey & Oslin.* Such a consent as that could not, if acted on by Causey, injure Oslin. Such a consent could not, therefore, operate so as to discharge Oslin from the debt to Miller. Nothing but a consent to a misapplication of the money could. And the burden of showing consent to a misapplication was upon Oslin.

[1.] This being so, and there not having been made any motion in the Court below for a new trial in the case, this Court ought not to order a new trial in it, even if it should consider the Court below to have committed some errors; for in such a case, a new trial could not properly result in any other than the old verdict.

No opinion, however, is expressed as to whether the Court erred in any respect or not. (*Acts of* 1853–'4–'46.)

A new trial is refused simply because the verdict was beyond a doubt, right on the evidence.